UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-00283-AB-PD | Date: | February 3, 2026 |

Title: *Andrei Gorbatenko v. Ernesto Santacruz, Jr., et. al.*

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 4]**

Before the Court is Petitioner Andrei Gorbatenko's ("Petitioner") Application For Temporary Restraining Order ("TRO Application"). TRO Appl., Dkt. No. 4. Respondents Acting Director of the Los Angeles ICE Field Office Ernesto Santacruz, Jr., Acting Director of U.S. Immigration and Customs Enforcement ("ICE") Todd Lyons, Warden James Janecka, Secretary of the Department of Homeland Security ("DHS") Kristi Noem, and Attorney General Pam Bondi (collectively, "Respondents") filed an Opposition to Petitioner's TRO Application ("Opposition") on January 30, 2026. Opp'n, Dkt. No. 8.

For the reasons set forth below, Petitioner's TRO Application is **GRANTED IN PART AND DENIED IN PART**.

## I.  BACKGROUND

Petitioner initiated this action through a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Habeas Pet., Dkt. No. 1. Petitioner is a Ukrainian native and Russian citizen. Petitioner fled Russia because he was detained and tortured by the Russian government for his political opposition to the Russian state. TRO Appl., Ex. A at 2. Petitioner arrived in the United States on February 3, 2022. *Id.* As an arriving alien, he was detained but was released afterwards. *Id.* Upon release, Petitioner filed an application for asylum and obtained a work authorization. He has since been employed and working in the United States. *Id.*

During a standard check-in with Immigration and Customs Enforcement ("ICE") on September 30, 2025, Petitioner was arrested. *Id.* Petitioner has been in custody since then without any review. Petitioner reports terrible detention conditions at the Adelanto Detention Center, including dirty drinking water, poor mattresses and sleeping conditions, and a lack of medical care. *Id.*

Petitioner has filed this TRO Application seeking his immediate release and an order prohibiting Respondents from relocating him outside the State of California pending adjudication of his asylum application.

## II.  LEGAL STANDARD

To obtain a TRO, Petitioner must show (1) he is likely to succeed on the merits of his claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Stromans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

A TRO is a kind of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that the applicant for ex parte relief must demonstrate urgency and that it is without fault in creating the urgency).

## III. DISCUSSION

For the reasons state below, Petitioner has failed to demonstrate a likelihood of success on the merits. As Petitioner has failed to meet the first factor to obtain a TRO, the Court declines to address the remaining factors.

Petitioner argues his detention is wrongful because (1) the poor detention conditions constitute a violation of the Fifth Amendment right to substantive due process; and (2) the detention violates 8 U.S.C. § 1225 and *Zavydas v. Davis*, 533 U.S. 678 (2001). TRO Appl. at 7-8. Neither of his arguments meet the high threshold for a TRO.

Petitioner bases his substantive due process claims on an allegation that the current detention conditions are so terrible as to "amount to punishment." TRO Appl. at 7. However, in his TRO Application, Petitioner includes nothing except conclusory allegations that his conditions of detention would amount to a substantive due process violation. These kinds of conclusory allegations are not sufficient to support the issuance of the extraordinary relief of a TRO. Moreover, in this argument, Petitioner appears to challenge the conditions of confinement. The Ninth Circuit has "long held that petitioners may not challenge mere conditions of confinement in habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016). Thus, his substantive due process argument cannot support the issuance of a TRO.

Petitioner next argues his detention violates 8 U.S.C. § 1225 and the Supreme Court's decision in *Zavydas v. Davis*. As an initial matter, the Court observes the TRO Application includes no explanation as to why these arguments should support the issuance of a TRO. TRO Appl. at 8. Petitioner has included only a one sentence statement that Petitioner's detention runs afoul of these legal authorities. Nevertheless, the Court will briefly consider these arguments.

With respect to Petitioner's arguments concerning *Zavydas v. Davis*, Petitioner has not explained why *Zavydas v. Davis* is applicable to his detention, let alone why his detention violates the rules set forth in *Zavydas v. Davis*. In *Zavydas*, the Supreme Court addressed potential indefinite detention pursuant to 8 U.S.C. § 1231(a)(6). 533 U.S. at 689 – 90. Under Section 1231(a)(6), an alien who is "ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision." 8 U.S.C. § 1231(a)(6). The Supreme Court specifically addressed the presumptively reasonable period during which immigration authorities may detain an individual subject to a final order of removal.

*Id.* at 701-702. In Petitioner's case, as an asylum application is pending and no final removal order has been issued, it is not clear how *Zavydas* applies. This argument is, therefore, unconvincing.

Petitioner's claim that his detention violates 8 U.S.C. § 1225 is similarly deficient. As noted above, the Court cannot determine why Petitioner believes his detention violates 8 U.S.C. § 1225 because the TRO Application merely states "his detention violates the statute authorizing detention, 8 U.S.C. § 1225[.]" TRO Appl. at 8. A review of the underlying Habeas Petition provides no details as well.

Additionally, it is not clear that 8 U.S.C. § 1225 is even the correct statute applicable to Petitioner's detention. Based on the facts provided by Petitioner, it appears that 8 U.S.C. § 1226 would likely apply. As articulated in *Jennings v. Rodriguez*, § 1225 and § 1226 apply to two different groups of individuals. Section 1225 applies to "an alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,'" and applies at "the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible." *Jennings v. Rodriguez*, 583 U.S. at 287-88. Conversely, § 1226 applies to non-citizens currently residing in the country but who "do not have an absolute right to remain here." *Id.* at 288-289.

Petitioner, who has been living in the United States pending adjudication of his asylum application, is likely no longer subject to § 1225. If § 1226 is the appropriate statute, Petitioner would be entitled to a bond hearing in front of an immigration judge prior to detention. The Court, however, cannot conclude that Petitioner is entitled to a bond hearing or that his detention is subject to § 1226 since Petitioner has made no argument in support of this position. Moreover, if § 1226 is applicable provision, the appropriate remedy would be a request for a bond hearing, not the immediate release Petitioner has requested.

Petitioner also attempted to file a Reply in support of his TRO. As per this Court's standing order, the Court will not consider Reply briefs for TRO applications filed without leave of the Court. As Petitioner did not seek leave of the Court, the Reply is stricken. The Court emphasizes that Petitioner is required to follow all Local Rules and the Court's standing order throughout the pendency of this litigation. Failure to do so may result in denial or dismissal of motions.

Accordingly, the Court cannot find Petitioner has met his burden under the first *Winter* factor through the arguments presented in his TRO Application.

As a final note, the Court observes the Petitioner raised arguments in his Habeas Petition that were not argued in the TRO Application. While the arguments presented in the TRO Application are insufficient, the Court emphasizes that Petitioner may file an additional TRO application should he believe that other arguments may meet the high threshold for a TRO or if he should find that other forms of relief are available and appropriate. In filing additional applications, however, the Court emphasizes that Petitioner will need to ensure he has sufficiently presented his arguments to meet the strenuous standard for a TRO. Failure to do so will result in denial of any subsequent applications.

## IV.   CONCLUSION

For the reasons stated above, this Court finds Petitioner has not met his burden for a TRO. The Court does acknowledge that Petitioner has a pending asylum application and that removal from the district prior to the conclusion of this litigation will cause irreparable harm. Accordingly, the Court grants the following relief:

1. Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation.

**IT IS SO ORDERED.**